UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN J. WALSH, JR., Regional Director, Region 1, National Labor Relations Board, for and on Behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner<br><br>vs.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, SYSTEM COUNCIL T-6, ALONG WITH ITS CONSTIUENT LOCALS, IBEW LOCALS 2222, 2313, 2320, 2321, 2322, 2323, 2324, 2325, AND 2327, Respondent | C.A. No. 1:16-cv-10922 |

### PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(l) OF THE NATIONAL LABOR RELATIONS ACT

**COMES NOW** John J. Walsh, Jr., Regional Director for Region 1 of the National Labor Relations Board (the "Board"), and petitions this Court for and on behalf of the Board, pursuant to Section 10(l) of the of the National Labor Relations Act, as amended, ("the Act") (29 U.S.C. § 160(l)), for appropriate injunctive relief pending the final disposition of the matters involved herein pending before the Board on the Complaint and Notice of Hearing of the General Counsel of the Board in Case No. 01-CC-176000 (the "Complaint"), alleging that International Brotherhood of Electrical Workers, System Council T-6, along with its constituent Locals, IBEW Locals 2222, 2313, 2320, 2321, 2322, 2323, 2324, 2325, and 2327 (collectively, "Respondent") has engaged in, and is engaging in, acts and conduct in violation of Section 8(b)(4)(i) and (ii)(B) of the Act, 29 U.S.C. § 158(b)(4)(i) and (ii)(B).[1] In support of this petition,

---

[1] On May 12, 2016, the United States District Court for the Eastern District of New York issued an injunction under Section 10(l) of the Act against the Communication Workers of America after it engaged in a similar campaign against Verizon, with whom it also has a labor dispute, by picketing at hotels in New York. *See* Order Granting

Petitioner respectfully shows as follows:

1.      On May 23, 2016, Petitioner filed a Petition for Temporary Restraining Order Under Section 10(l) of the National Labor Relations Act with attached exhibits (Docket No. 1) and a Memorandum of Points and Authorities In Support of Petition for Temporary Restraining Order Under Section 10(l) of The National Labor Relations Act (Docket No. 2).  Petitioner refers to the exhibits, which include sworn testimony and documentary evidence, attached to the Petition (Docket No. 1) and the Memorandum (Docket No. 2) in support of its current Petition.

2.      Petitioner is the Regional Director of Region 1 of the Board, an agency of the United States Government, and files this petition for and on behalf of the Board.

3.      Jurisdiction of this Court is invoked pursuant to Section 10(l) of the Act, 29 U.S.C. § 160(l).

4.      On May 11, 2016, Verizon New England Inc. ("Verizon") filed a charge with the Board in Case No. 01-CC-176000 alleging that Respondent violated Section 8(b)(4)(i)(B) and (ii)(B) of the Act.  Ex. A.[2]  A copy of the charge was served on Respondent on May 12.

5.      The aforesaid charge was referred to the Petitioner.  On May 20, 2016, following an investigation of the allegations in which Respondent was given the opportunity to present evidence and legal argument, the Petitioner, on behalf of the General Counsel of the Board, pursuant to Section 10(b) of the Act, issued the Complaint, alleging that Respondent engaged in, and is engaging in, unfair labor practices as charged within the meaning of Section 8(b)(4)(i)(B) and (ii)(B) of the Act.  Ex. B.  The hearing is scheduled for June 22, 2016.  *Id.*

---

Preliminary Injunction, *Paulsen v. Communication Workers of America*, No. 1:16-cv-02312 (E.D.N.Y. May 12, 2016).

[2] References to the Appendix of Exhibits attached to the Petition for Temporary Restraining Order Under Section 10(l) of the National Labor Relations Act (Docket No. 1) and are designated as "Ex.__." Given the nature of the situation, addresses and telephone numbers have been redacted from affidavits.  However, the information can be provided to the Court upon request.  To the extent Petitioner is not certain that Respondent already has knowledge that a particular hotel is serving replacement employees, Petitioner redacted the identity of that hotel from the affidavits.

  6. Petitioner avers that it has reasonable cause to believe that the allegations contained in the Complaint are true, and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b)(4)(i)(B) and (ii)(B) of the Act for which a remedy will be ordered by the Board. However, the Board's order for such remedy will be frustrated without the injunctive relief sought herein. In support thereof, and of the request for the injunctive relief, Petitioner, upon information and belief, shows as follows:

  (a) At all material times, Verizon has been a corporation with an office and place of business located at 125 High Street, Boston, Massachusetts, and with various offices and facilities located throughout the Commonwealth of Massachusetts and vicinity, and is engaged in the business of providing telecommunications services.

  (b) (i) Annually, Verizon, in conducting its operations described above in paragraph (a), derives gross revenues in excess of $100,000.

  (ii) Annually, Verizon, in conducting its operations described above in paragraph (a), purchases and receives at its various locations within the Commonwealth of Massachusetts goods valued in excess of $50,000 directly from points outside the Commonwealth of Massachusetts.

  (c) (i) At all material times, Adex Corporation (Adex), has been a corporation with an office and place of business located at 1035 Windward Ridge Parkway, Suite 500, Alpharetta, Georgia, and is engaged as a contractor that provides services to telecommunications companies, including Verizon.

  (ii) Annually, Adex, in conducting its operations described above in paragraph (c)(i), purchases and receives at its 1035 Windward Ridge Parkway, Suite 500,

Alpharetta, Georgia location goods valued in excess of $50,000 directly from points outside the State of Georgia.

    (d) (i) At all material times, Bartech Group, Inc. (Bartech), has been a corporation with an office and place of business located at 27777 Franklin Road, Suite 600, Southfield, Michigan, and is engaged as a workforce management contractor that provides services to telecommunications companies, including Verizon.

    (ii) Annually, Bartech, in conducting its operations described above in paragraph (d)(i), purchases and receives at its 27777 Franklin Road, Suite 600, Southfield, Michigan location goods valued in excess of $50,000 directly from points outside the State of Michigan.

    (e) (i) At all material times, C&W Contracting Services, Inc. (C&W), has been a corporation with an office and place of business located at 1395 S Marietta Parkway SE, Building 100, Suite 124, Marietta, Georgia, and is engaged as a workforce and contracting firm providing services to companies in the construction and telecommunications industries, including Verizon.

    (ii) Annually, C&W, in conducting its operations described above in paragraph (e)(i), purchases and receives at its 1395 S Marietta Parkway SE, Building 100, Suite 124, Marietta, Georgia location goods valued in excess of $50,000 directly from points outside the State of Georgia.

    (f) (i) At all material times, Dycom Industries, Inc. (Dycom), has been a corporation with an office and place of business located at 11780 U.S. Highway 1, Suite 600, Palm Beach Gardens, Florida, and is engaged in the business of providing services to companies in the construction and telecommunications industries, including Verizon.

(ii)   Annually, Dycom, in conducting its operations described above in paragraph (f)(i), purchases and receives at its 11780 U.S. Highway 1, Suite 600, Palm Beach Gardens, Florida location goods valued in excess of $50,000 directly from points outside the State of Florida.

(g)   At all material times, Verizon, Adex, Bartech, C&W, and Dycom have each been employers engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

(h)   At all material times, the following named motels or hotels have each been corporations engaged in the operation of a hotel or motel at the locations indicated below:

(i)   The Fireside Inn & Suites (herein Fireside), 10 St Laurent Street, Nashua, New Hampshire 03064;

(ii)   Motel 6 (herein Motel 6), 65 Newbury Street, Danvers, Massachusetts 01923;

(iii)   Extended Stay America (herein Extended Stay), 180 East Main Street, Westborough, Massachusetts 01581;

(iv)   The Providence Biltmore (herein The Biltmore), 11 Dorrance Street, Providence, Rhode Island 02903; and

(v)   Days Inn (herein Days Inn), 30 E Clark Street, Middleborough, Massachusetts 02346.

(i)   (i)   Annually, the motels and hotels named above in paragraph (h), in conducting their operations described above in paragraph (h), each derive gross revenues in excess of $500,000.

(i)  (ii)  Annually, the motels and hotels named above in paragraph (h), in conducting their operations described above in paragraph (h), each purchase and receive at the locations described above goods valued in excess of $5,000 directly from points outside the Commonwealth or State in which they are located.

(i)  (iii)  At all material times, Fireside, Motel 6, Extended Stay, The Biltmore, and Days Inn have each been employers engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act and persons within the meaning of Section 2(1) of the Act.

(j)  At all material times, the Respondent has been a labor organization within the meaning of Section 2(5) of the Act.

(k)  The following employees of Verizon (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of the Act:  All employees in the Unit as described in the collective-bargaining agreement described below in paragraph (l).

(l)  (i)  At all material times, Verizon has recognized Respondent as the exclusive collective-bargaining representative of the Unit.  This recognition has been embodied in successive collective-bargaining agreements, the most recent of which was effective from October 19, 2012 to August 1, 2015.

(ii)  At all material times, based on Section 9(a) of the Act, Respondent has been the exclusive collective-bargaining representative of the Unit.

(m)  At all material times, the following individuals have held the positions set forth opposite their names and have been agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Myles Calvey | ---- | Business Manager, Financial Secretary, Local 2222 Chairperson, System Council T-6 |
| Ed Hastings | ---- | President, Assistant Business Manager, Local 2222 |
| Kevin Holland | ---- | Vice President, Local 2222 |
| Brian Kierce | ---- | Assistant Business Manager, Local 2321 |
| Lee Gitschier | ---- | President, Local 2321 |
| Eric Hetrick | ---- | Business Manager, Local 2322 |
| John Rudowski | ---- | Assistant Business Manager, Local 2322 |
| Steven Murphy | ---- | Business Manager, 2323 |

(n) At all material times, Respondent has been engaged in a labor dispute with Verizon.

(o) At no material time has Respondent been engaged in a labor dispute with Fireside, Motel 6, Extended Stay, The Biltmore, or Days Inn.

(p) About May 9, 2016, Respondent, at Fireside, by Brian Kierce, Lee Gitschier, and other individuals aligned with Respondent but whose identities are currently unknown to the General Counsel, picketed and appealed to individuals employed by the Fireside to cease lodging employees of Verizon and its contractors, in support of its dispute with Verizon described above in paragraph (n).

(q) About May 3, 2016, Respondent, at Motel 6, by individuals aligned with Respondent but whose identities are currently unknown to the General Counsel, picketed and appealed to individuals employed by Motel 6 to cease lodging employees of Verizon and its contractors, in support of its dispute with Verizon described above in paragraph (n).

(r) About May 5 and May 6, 2016, Respondent, at The Biltmore, by Steven Murphy and other individuals aligned with Respondent but whose identities are currently

7

unknown to the General Counsel, picketed and appealed to individuals employed by The Biltmore to cease lodging employees of Verizon and its contractors, in support of its dispute with Verizon described above in paragraph (n).

(s) Since about May 3, 2016, Respondent, at Days Inn, by Eric Hetrick, Ed Hastings, John Rudowski, Kevin Holland, and other individuals aligned with Respondent but whose identities are currently unknown to the General Counsel, picketed and appealed to individuals employed by Days Inn to cease lodging employees of Verizon and its contractors, in support of its dispute with Verizon described above in paragraph (n).

(t) Since about May 11, 2016, Respondent, at Extended Stay, by individuals aligned with Respondent but whose identities are currently unknown to the General Counsel, picketed and appealed to individuals employed by Extended Stay to cease lodging employees of Verizon and its contractors, in support of its dispute with Verizon described above in paragraph (n).

(u) By the conduct set forth above in paragraphs (p) through (t), Respondent has induced or encouraged individuals employed by Fireside, Motel 6, The Biltmore, Days Inn, and Extended Stay and other persons engaged in commerce or in an industry affecting commerce to refuse to handle or work on goods, to refuse to perform services, and has threatened, coerced, or restrained the Fireside and other persons engaged in commerce or in industries affecting commerce.

(v) By the conduct set forth above in paragraphs (p) through (t), Respondent has threatened, coerced, or restrained the Fireside, Motel 6, The Biltmore, Days Inn, and Extended Stay, and other persons engaged in commerce or in industries affecting commerce.

  (w) An object of Respondent's conduct described above in paragraphs (p) thorough (t) has been in part to force or require Fireside, Motel 6, The Biltmore, Days Inn, and Extended Stay, and other persons to cease doing business with Verizon and its subcontractors including, but not limited to, Adex, Bartech, C&W, and Dycom.

  (x) By the conduct described above in paragraphs (p) through (t), Respondent has been violating Sections 8(b)(4)(i)(B) and 8(b)(4)(ii)(B) of the Act.

  6. Absent immediate injunctive relief, Respondent's actions threaten to inflict irreparable harm on Verizon's business operations and impede the free flow of commerce. The threat of further unlawful conduct from Respondent is tangible, as the labor dispute is ongoing, and there are allegations of continuing picketing and threats. This illegal campaign may force Verizon to capitulate to Respondent's demands in the primary labor dispute. The Board's final order will not effectively remedy these harms. Respondent's actions also threaten the neutral parties by impeding their ability to participate in interstate commerce, disrupting the hotels' essential services, and enmeshing the neutral business in the primary labor dispute by forcing them to take sides in the dispute between Respondent and Verizon.

  7. It may fairly be anticipated that, unless enjoined, Respondent will continue or repeat the acts and conduct described above in paragraph 5, or similar or like acts and conduct, in violation of Section 8(b)(4)(i)(B) and (ii)(B) of the Act. It is therefore essential, appropriate, and just and proper, for the purpose of effectuating the policies of the Act, and in accordance with the provisions of Section 10(l) thereof, that pending the final administrative disposition of the matters involved herein now pending before the Board in Case No. 01-CC-176000, that Respondent be enjoined from the commission of the acts and conduct alleged above, similar acts and conduct, or repetitions thereof.

**WHEREFORE**, Petitioner seeks the following relief with regard to Respondent:

1. That the Court issue an order directing Respondent to promptly file an answer to the allegations of this petition and to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, agents, representatives, servants, employees, attorneys, and all members and persons acting in concert or participation with them, pending the final disposition of the matters involved herein, pending before the Board, to cease and desist from:

    (a) Engaging in any picketing or other conduct with an object to induce or encourage individuals employed by The Providence Biltmore, Providence, RI; Fireside Inn & Suites, Nashua, NH; the Days Inn, Middleborough, MA; the Motel 6, Danvers, MA; the Extended Stay America, Westborough, MA; and any other persons engaged in commerce or in industries affecting commerce to refuse to handle goods or perform services, in furtherance of Respondent's dispute with Verizon; and

    (b) Threatening, restraining, or coercing any other person engaged in commerce, or in any industry affecting commerce, to cease handling, using, selling, transporting, or otherwise dealing in the products of, or to cease doing business with Verizon, and of Verizon's subcontractors, or any other person engaged in commerce, or in the industry affecting commerce, or with each other.

2. That the Court issue an affirmative order directing Respondent to:

    (a) Within ten (10) days of the issuance of the Court's order, post copies of the Court's order in this proceeding at all locations where union notices to employees and members are customarily posted; maintain such postings during the Board's administrative proceeding, free from all obstructions and defacements; all employees shall have free and unrestricted access

to said postings; and grant agents of the Board reasonable access to said facilities to monitor compliance with this posting requirement;

      (b)      Within twenty (20) days of the issuance of the Court's order, file with the Court, with copies submitted to the Regional Director of the Board for Region 1, a sworn affidavit from a responsible official of Respondent, setting forth with specificity the manner in which Respondent complied and will continue to comply with the terms of this decree, including the location of the documents to be posted under the terms of this decree.

      3.      That the Court grant such further and other relief as may be deemed just and proper.

Dated at Boston, Massachusetts,
May 23, 2016

                                                       Respectfully submitted,

                                                       __/s/ Colleen M. Fleming_____
                                                     Colleen M. Fleming
                                                     National Labor Relations Board, Region 1
                                                     10 Causeway Street, 6th Floor
                                                     Boston, Massachusetts  02222
                                                     (617) 565-6775
                                                     *Attorney for Petitioner*

## **CERTIFICATE OF SERVICE**

I, Colleen M. Fleming, hereby certify that, a true copy of the above document was served upon counsel for all parties by operation the court's electronic filing system on May 24, 2016.

      /s/ Colleen M. Fleming_____
Colleen M. Fleming
National Labor Relations Board, Region 1
10 Causeway Street, 6th Floor
Boston, Massachusetts  02222
(617) 565-6775
*Attorney for Petitioner*